Case No. 13-1378

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

_____

JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON,
and YAMILET RODRIGUEZ,
*Plaintiffs-Appellees*

v.

THE WESTERN UNION COMPANY and
WESTERN UNION FINANCIAL SERVICES, INC.,
*Defendants-Appellants.*

_____

On Appeal from an Order of the United States District Court
For the District of Colorado
Case Nos. 1:09-cv-00938-JLK-KMT; 1:10-cv-00765-JLK-KMT
The Honorable Judge John L. Kane

_____

**CLASS PLAINTIFFS-APPELLEES' MOTION TO DISMISS
OBJECTOR-APPELLANT SIKORA NELSON'S
APPEAL OF APPEAL BOND ORDER**

_____

Jamie E. Weiss
Jeffrey A. Leon
**COMPLEX LITIGATION GROUP LLC**
513 Central Ave., Suite 300
Highland Park, Illinois  60035
(847) 433-4500

Richard J. Burke
**COMPLEX LITIGATION GROUP LLC**
1010 Market Street, Suite 1340
St. Louis, MO  63101
(847) 433-4500

*Lead Class Counsel and Attorneys for Class Plaintiffs-Appellees*

This case involves an appeal challenging the adequacy of a settlement brokered by this Court's chief mediator that established a $145 million cash fund and significant injunctive relief that elevates the value of the settlement to the class of over $300 million. Two objectors – out of a Class numbering over 1.3 million members – have filed notices of appeal which, although substantively baseless, operate as a *de facto* bar to delay implementation of this extremely worthy settlement until the appeal is resolved, a period based on Tenth Circuit statistics of approximately nine months.

Objector-Appellant Sikora Nelson ("Nelson") – whose appeal is primarily brought on behalf of fellow Michigan residents that comprise only 1.8% of the Class and who was represented by counsel who flew to Denver, Colorado for the final approval hearing – has been ordered by the District Court to jointly and severally pay an appeal bond in the amount of $1,007,294 to cover potential appeal costs that were documented by admissible evidence and were unrebutted by the appellant Objectors. Nelson immediately appealed the District Court's September 10, 2013 Order setting the bond, filing her notice of appeal on that very same day. [Doc. 274] This appeal was stayed by this Court while the District Court was considering a motion for reconsideration, and this Court lifted that stay on October 30, 2013 following denial of that reconsideration motion.

Nelson has now sought emergency relief pursuant to her notice of appeal and asserts, without any analysis, that the District Court's order establishing the appeal bond is a final appealable under 28 U.S.C. § 1291. For the reasons discussed below, however, the Notice of Appeal of the District Court's bond order is not proper because the order setting the bond is a textbook interlocutory order that is not final under 28 U.S.C. § 1291. Accordingly, the Court should dismiss this appeal lack of appellate jurisdiction.

## ARGUMENT

The District Court's order imposing an appeal bond on Nelson is not a final order to which an appeal as of right is permitted. *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000).[1] Instead, orders imposing appeal bonds are collateral orders, and Federal Rule of Appellate Procedure Rule 6 required Nelson to file a petition seeking permission to file such an appeal of a collateral order, and to state the basis for jurisdiction. Nelson failed to seek such permission, and such permission could not be granted within the boundaries of the collateral order doctrine.

Indeed, Nelson's burden, had she complied with Rule 6 by filing a petition for leave, was a heavy one because she was required to establish that the District

---

[1]     Because the "collateral order doctrine" does not permit appeals over decisions which "are but steps toward final judgment," the order setting the bond is not immediately appealable. *Crystal Clear Commcn's, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1178 (10th Cir. 2005).

Court's order imposing an appeal bond falls under the "small category [of] decisions that are *conclusive*, that resolve *important questions separate from the merits*, and that are *effectively unreviewable on appeal from the final judgment* in the underlying action." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 604 (2009) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995)) (emphasis added). These requirements "are stringent, and unless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further" and a district court order that "fails to satisfy *any one* of these requirements" is not reviewable under the collateral order doctrine. *Mesa Oil, Inc. v. United States,* 467 F.3d 1252, 1254 (10th Cir. 2006) (internal quotation marks omitted; emphasis added). Collateral order jurisdiction is "narrow and selective" and "should never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment." *Will v. Hallock*, 546 U.S. 345, 350 (2006). In particular, this Court has noted "what appears to be the Supreme Court's increasing reluctance to expand the collateral order doctrine." *Unites States v. Angilau*, 717 F.3d 781, 787 (10th Cir. 2013).

Courts have continuously found orders to post security such as bonds do not qualify for immediate review under the collateral order doctrine because such orders are indeed effectively reviewable if the adverse party is ultimately required to pay over the bond. Courts typically conclude that there is no risk of important

loss if such security is granted because the interest of both parties is adequately protected. *See I.A.M. Nat. Pension Fund v. Cooper Indus.,* 789 F.2d 21, 25-26 n.7 (D.C.Cir.1986); *Trustees of Hosp. Mortgage Group v. Compania Aseguradora Interamericana S.A. Panama*, 672 F.2d 250, 251 (1st Cir.1982) (per curiam); *Watson Constr. Co. v. Commercial Union Insur.*, 587 F.2d 22 (8th Cir.1978) (per curiam); *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971).

Nelson's concerns about her own financial circumstance do not alter this analysis. This Court has noted that "[w]hether jurisdiction arises under the collateral order doctrine depends on the class of claims as a whole, and not on the specific facts of the case" and approvingly cited *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), for the proposition that "the issue of appealability under § 1291 should be evaluated without regard to a particular injustice that may be averted by immediate appeal." *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1206 (10th Cir. 2013). Consideration of Nelson's personal financial issues would plainly run afoul of Supreme Court precedent.

Further, the appeal of the District Court's bond order does not present an important issue that is separable from the merits, which is one of the three mandatory requirements for collateral order review. The merits of the underlying appeal on the substantive merits of the class action settlement were very much intertwined with the District Court's exercise of discretion in imposing the appeal

bond, as one of the factors the District Court was required to weigh in deciding to issue a bond was whether the appeal has a reasonable likelihood of success.  It is recognized that "a district court, familiar with the contours of the case appealed, has the discretion to impose a bond *which reflects its determination of the likely outcome of the appeal*."  *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (citation omitted; emphasis added); *cf. In re Initial Pub. Offering Sec. Litig.* ("*IPO*"), 721 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) ("[T]he Objectors contend as an initial matter that it is not for the district court to decide whether an appeal has merit.  However, in upholding a district court's order for a Rule 7 bond, the Second Circuit unequivocally rejected the argument that a district court may not forecast the merits of the appeal.  Having considered the Objectors' arguments on appeal, I predict that the October 5 Opinion and Order will be affirmed. Class action settlements are reviewed on appeal for abuse of discretion and there is nothing to suggest that this Court will be reversed on appellate review.") (footnotes omitted).[2]

Judge Kane did just that, finding explicitly in the bond order that "[t]he appeal, like the objection it seeks to vindicate, is not meritorious." Accordingly, any review of the district court's bond order must directly address the merits of

---

[2]     *See also In re Uponor,* 2012 WL 3984542, at *2 ( (in evaluating a bond request in an appeal of settlement final approval in a class action, "courts generally consider the following factors in determining whether an appeal bond is appropriate: (1) the appellant's financial ability to post a bond, (2) the risk of nonpayment of appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) bad faith or vexatious conduct on the part of the appellants).

the underlying appeal, precluding collateral order review. *Cf. Crystal Clear Commcn's*, 415 F.3d at 1179 (collateral order doctrine did not apply to stay issued in favor of administrative primary jurisdiction because "in order to determine whether the doctrine of primary jurisdiction was implicated in this case, the district court was required to give preliminary consideration to plaintiffs' claims to determine the extent to which they fell under the jurisdiction of the FCC and OCC").

## CONCLUSION

For the reasons stated herein, the Court should dismiss Nelson's appeal of the District Court's September 10, 2013 Order because that order is not a final order under 28 U.S.C. § 1291.


Dated:  November 4, 2013                 Respectfully submitted,

                                            /s/ Jamie E. Weiss

                                         Jamie E. Weiss
                                         Jeffrey A. Leon
                                         **COMPLEX LITIGATION GROUP LLC**
                                         513 Central Ave., Suite 300
                                         Highland Park, Illinois  60035
                                         (847) 433-4500

                                         Richard J. Burke
                                         **COMPLEX LITIGATION GROUP LLC**
                                         1010 Market Street, Suite 1340

St. Louis, MO  63101
(847) 433-4500
rich@complexlitgroup.com

**Lead Class Counsel**

Jonathan Shub
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA  19102

Seth A. Katz
**BURG SIMPSON EDDREDGE HERSH
& JARDINE P.C.**
40 Inverness Drive East
Englewood, Colorado 80112

Jim S. Calton, Jr.
**CALTON LEGAL SERVICES, SP**
322 South Eufaula Avenue
Eufaula, AL  36027

James E. Cecchi
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ  07068

Mitchell Baker
1543 Champa Street, Suite 400
Denver, CO  80202

***Class Counsel for Class Representative
Plaintiffs and Settlement Class***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.


_____ /s/ Jamie E. Weiss _____