**Appeal No. 13-1378**

*In the*
# United States Court of Appeals
*for the*
# Tenth Circuit

---

JAMES P. TENNILLE, ADELAIDA DELEON,
YAMILET RODRIGUEZ, and ROBERT SMET,
individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees*,

v.

THE WESTERN UNION COMPANY
and WESTERN UNION FINANCIAL SERVICES, INC.,

*Defendants-Appellees,*
and

SIKORA NELSON,

*Objector-Appellant.*

*Appeal from a Decision of the United States District Court for the District of Colorado (Denver)
No. 1:09-CV-00938 - Hon. John L. Kane, Jr.*

**APPELLANT SIKORA NELSON'S RESPONSE IN OPPOSITION TO
CLASS PLAINTIFFS-APPELLEES' MOTION TO DISMISS**

John E. Anding, Esq.
Theodore J. Westbrook, Esq.
DREW, COOPER & ANDING
Attorneys for Appellant
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300

## INTRODUCTION

In apparent support of their response to Objector-Appellant Sikora Nelson's Emergency Motion to Stay District Court Proceedings and for Expedited Review (Doc. 1019150687), Plaintiffs-Appellees filed a Motion to Dismiss setting forth the baseless argument that this Court lacks jurisdiction over Nelson's Appeal (No. 13-1378, the "Bond Appeal").  This Court has jurisdiction over Nelson's Bond Appeal because the order appealed from, the district court's post-judgment Order imposing a $1 million "cost bond" requirement on Nelson, was a final and appealable order.  Plaintiffs' Motion to Dismiss, which was submitted in violation of Tenth Circuit Rules 27.3 and 46.5, is without merit and should be denied.  In addition, Plaintiffs should be sanctioned for presenting frivolous arguments unsupported by existing law and for submitting their Motion to Dismiss for an improper purpose.

## FACTS AND PROCEDURAL HISTORY

The case below is a putative class action filed by consumers of money transfer services provided by Defendants The Western Union Company and Western Union Financial Services, Inc. (together "Western Union").  The principal allegations are that, when money transfers were not received by their intended recipients, Western Union unlawfully: (1) retained the funds; (2) earned interest on the funds; (3) failed to timely notify the senders that the funds had not been

received; and (4) failed to return the funds to the senders. Nelson is a member of the putative class of aggrieved consumers.

Nelson filed substantive objections to a class settlement proposed by Plaintiffs and Western Union and presented argument as to the unfairness of the proposed settlement at the "final fairness hearing" conducted by the district court. (Dkt. 212, Objection; Dkt. 213, Br. in Support; Dkt. 257, Fairness Hrg. Trans. June 24, 2013, 19:19-26:20.) The district court summarily "overruled" Nelson's objections at the hearing (Dkt. 257, 26:22-28:12) without addressing them in substance, and did not thereafter issue any order or opinion setting forth its reasons for rejecting them. Instead, on June 25, 2013, the district court adopted the Final Judgment and Order of Dismissal that had been proposed by the parties, which approved the proposed settlement, in its entirety. (Dkt. 253, Final Judgment & Order of Dismissal.)[1] No opinion setting forth the district court's reasons for approving the settlement or rejecting the objections ever issued. On July 22, 2013, Nelson filed a Notice of Appeal regarding the Final Judgment and Order of Dismissal approving the settlement proposed by the parties. This Court assigned that appeal Case Number 13-1310 ("Fairness Appeal").

---

[1] The district court entered a substantially identical Amended Final Judgment and Order of Dismissal (Dkt. 256) the following day, June 26, 2013.

On August 12, 2013, Plaintiffs filed a Motion for Appeal Bond (Ex. 1) asking the district court to require Objectors (Nelson and one other Objector filing an appeal, Case No. 13-1317) to post a "cost bond" in the amount of $1,007,294. That amount consists of: (1) $647,674 purportedly to be incurred in sending a "supplemental notice" that Plaintiffs contend "should be sent to the class informing the class of the pendency of the appeal;" (2) an estimated $334,620 in "settlement administration" costs resulting from the delay of appeal; and (3) $25,000 in printing and copying costs.[2]

Nelson filed a response to Plaintiffs' Motion which argued that the notice and administrative expenses claimed by Plaintiffs cannot be included in an appeal bond as a matter of law. (Ex. 2.) Nelson also argued and provided evidence that imposition of a substantial cost bond would violate Nelson's due process rights due to the financial hardship it would cause Nelson. (*Id.*)

On September 10, 2013, the district court granted Plaintiffs' Motion in full and ordered Nelson to post the requested bond in the amount of $1,007,294. The district court's Bond Order cited no rules, statutes or case law in support of its imposition of this bond. (*See* Ex. 3.) Appellant immediately filed a Notice of Appeal regarding the Bond Order. After Nelson's Notice of Appeal regarding the

---

[2] Plaintiffs' Motion for Appeal Bond is not framed as a motion for *supersedeas* bond. By its own terms, the proposed settlement does not take effect until the conclusions of any appeals; thus, no *supersedeas* bond can be required.

Bond Order had been filed with this Court, at 4:52 p.m. Eastern time that same day, the district court entered another Order in which it treated a letter received from Appellant-Objector Paul Dorsey as a "motion for reconsideration," and abated the Bond Order to address the points raised by Mr. Dorsey's letter. (Ex. 4.)

On October 15, 2013, Nelson filed her Opening Brief in the Fairness Appeal. Nelson's Opening Brief sets forth compelling reasons and authority for reversal of the district court's approval, over Nelson's objections, of the settlement class and the proposed settlement. (Ex. 5 at, *e.g.*, 23-26.)

Six days later, on October 21, the district court reaffirmed the Bond Order, again citing no authority and again without addressing the substance of Nelson's arguments. (Ex. 6.) In closing, the district court's October 21 Order states: "[w]ith the exception of ancillary attorney fee issues, which have been referred to Magistrate Judge Tafoya and do not affect appellate jurisdiction, the proceedings in the district court are CONCLUDED." (*Id.* at 5.)

On October 21, 2013, Plaintiffs demanded by letter that Nelson either post the $1 million bond or withdraw the Fairness Appeal. (Ex. 7.) One week later, without first attempting to confer with Nelson as required by the Local Civil Rules, Plaintiffs filed a motion styled as Plaintiffs' Motion for Order to Show Cause Why Objectors Sikora Nelson and Paul Dorsey Should Not Be Held in Contempt of Court ("Show Cause Motion"). (Ex. 8.) Although the district court had set no date

for compliance, Plaintiffs alleged that Nelson was in violation of the district court's reinstated Bond Order and should be held in contempt of court "for their failure to comply with this Court's Appeal Bond Order (Dkt. #299) by posting the required appeal bond or dismissing their appeals." (*Id.*)

The following day, without allowing Nelson to respond, the district court granted the Show Cause Motion ("Show Cause Order"). (Ex. 9.) The district court stated in the Show Cause Order:

> As of October 28, 2013, no bond has been posted and neither Objector has responded to Class Counsel's request for confirmation as to whether they will post the bond or voluntarily dismiss their appeals …. ***I specifically find that both Objectors are aware of [the Bond Order], and are disobeying that order***. Under the authority established by *F.T.C. v. Kuykendall*, 371 F.3d 745 (10th Cir. 2004) and *Rodriguez v. IBP, Inc.*, 243 F.3d 1221 (10th Cir. 2001), ***both are subject to sanctions for civil contempt***.

(*Id.*, emphasis added.) The district court also ordered Nelson to "show good and sufficient cause why they should not be held in contempt of court for their failure to comply" with the Bond Order by November 8, 2013. (*Id.*)

Faced with contempt proceedings in the district court, Nelson filed in this Court an Emergency Motion to Stay District Court Proceedings and for Expedited Review on October 31, 2013. (Doc. 1019150687.) Plaintiffs responded on November 4, 2013, filing both an opposing brief (Doc. 1019152041) and a Motion to Dismiss (Doc. 1019152048). The filing of Plaintiffs' Motion to Dismiss was not preceded by any attempt to contact Nelson's counsel regarding the relief requested,

and the Motion to Dismiss contained no statement pursuant to Tenth Circuit Rule 27.3(C). On November 7, 2013, this Court granted Nelson's Emergency Motion to Stay, finding that Nelson had made the requisite showing of four factors: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." (Doc. 1019154380 (citing *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); 10th Cir. R. 8.1).)

**ARGUMENT**

I. **THIS COURT HAS JURISDICTION OVER THE BOND APPEAL BECAUSE THE DISTRICT COURT'S BOND ORDER WAS A FINAL, APPEALABLE ORDER.**

The district court's Bond Order was a final, appealable order. The district court entered the Bond Order, purportedly pursuant to Federal Rule of Appellate Procedure 7, subsequent to the district court's Final Judgment and Order of Dismissal.[3] The district court's order reaffirming the Bond Order specifically states that "[w]ith the exception of ancillary attorney fee issues, which … do not affect appellate jurisdiction, the proceedings in the district court are CONCLUDED." (Ex. 6.) Further, it is beyond question that the Bond Order

---

[3] Plaintiffs have never suggested that the Final Judgment and Order of Dismissal is not a final, appealable order and have not filed a motion to dismiss Nelson's appeal of that judgment (No. 13-1310).

resolved a discrete issue distinct from the merits of the case. Despite Plaintiffs' unfounded insistence to the contrary, no Federal Court of Appeals has ever held that such a post-judgment order imposing a bond for costs on appeal lacks finality for the purposes of 28 U.S.C. § 1291.

The courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A judgment or order is final for purposes of appeal if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). An order is also deemed final, and thus appealable under 28 U.S.C. § 1291, if it:

> finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The Bond Order cannot be characterized as a mere "step[] towards final judgment;" rather, it finally determines a discrete issue distinct from the merits of the claims: whether Nelson is required to post a bond for costs, what types of costs are to be included and what amount of costs must be bonded. *See id.* The "importance" of the rights involved in the Bond Order cannot be overstated. If allowed to stand, the Bond Order would result in either or both: (1) contempt sanctions against Nelson for her inability to comply with the Bond Order; or (2) "voluntary" dismissal of Nelson's

substantive appeal under threat of such sanctions (No. 13-1310, the "Fairness Appeal").

Moreover, the Bond Order is a supplementary post-judgment order, not an interlocutory order, and completely disposes of the issue of whether and what type of cost bond would be required. Such post-judgment orders are final and appealable because "if the orders are not found final, there is little prospect that further proceedings will occur to make them final" and, "were the rule otherwise, an aggrieved party would for all practical purposes be denied meaningful review of such trial court orders." *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 678 (3d Cir. 1986) (quoting Wright & Miller, Fed. Prac. & Proc. § 607 (1976); citing *Sportmart, Inc. v. Wolverine World Wide, Inc.*, 601 F.2d 313, 316 (7th Cir. 1979)).

The notion that district courts' orders imposing appeal bonds are not final and appealable cannot withstand scrutiny, as evidenced by numerous circuit court decisions in which such orders have been both *reviewed and reversed. See Young v. New Process Steel, LP*, 419 F.3d 1201, 1203-04 (11th Cir. 2005) (citing *Cohen*, 337 U.S. at 546-47 for basis for appellate jurisdiction and holding that "Rule 7 does not authorize courts to require a bond in an amount larger than 'costs' as defined in the applicable fee-shifting statute"); *In re Am. Presidential Lines, Inc.*, 779 F.2d 714, 718-19 (D.C. Cir. 1985) (reversing district court order imposing excessive appeal bond); *Vaughn v. American Honda Motor Co.*, 507 F.3d 295,

- 8 -

298-99 (5th Cir. 2007) (reversing imposition of appeal bond that included impermissible costs); *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1336-37 (11th Cir. 2002) (same); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 962 (2d Cir. 2007) (same). Plaintiffs fail to cite a single case in support of their jurisdiction argument that involves, as the foregoing cases do, an appeal of a post-judgment order imposing a cost bond. The authority they do cite is inapposite.

Moreover, Plaintiffs' position—that an order imposing an impermissible "cost bond" as a prerequisite to appeal may not itself be appealed—proves too much. If that were true, a district court could render any judgment final and unappealable by ordering a "cost bond" large enough that the would-be appellant could not post it. The statutory right of appeal would be left purely to the discretion of the district courts. That is simply not the law. The Bond Order is final and appealable, and this Court has jurisdiction to review it.

## II. PLAINTIFFS' MOTION TO DISMISS IS FRIVOLOUS AND VIOLATES THE TENTH CIRCUIT RULES.

The question presented by Plaintiffs' Motion to Dismiss is whether a post-judgment order imposing a "cost bond" pursuant to Federal Rule of Appellate Procedure 7 falls within the appellate jurisdiction of this Court. None of the authority presented in Plaintiffs' Motion can be reasonably interpreted as supporting their assertion that this Court lacks jurisdiction over the Bond Appeal.

Plaintiffs' misleading references to inapposite authority are improper, and their Motion to Dismiss is frivolous.

At the outset, Plaintiffs' Motion to Dismiss was improperly filed without making "reasonable efforts to contact opposing parties well in advance of filing a motion" and without stating "the opposing party's position on the relief requested or why the moving party was unable to learn the opposing party's position" as required by Tenth Circuit Rule 27.3(C).[4] Plaintiffs made no attempt to contact Nelson's counsel prior to filing the Motion to Dismiss. Instead, the Motion to Dismiss was filed alongside Plaintiffs' Opposition to Nelson's Emergency Motion to Stay, and relied upon by Plaintiffs in support of that Opposition. (Doc. 1019152041 at 18.) Plaintiffs thus invited the Court, on a compressed schedule and before Nelson could respond to the Motion to Dismiss, to find that this Appeal should be dismissed. Plaintiffs' Motion to Dismiss was filed for an improper purpose in contravention of Tenth Circuit Rule 46.5(B)(1).

Even more troubling is that fact that the arguments presented in Plaintiffs' Motion to Dismiss are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new

---

[4] This is not the first time Plaintiffs have failed to follow local rules requiring attempts to confer prior to filing motions. Plaintiffs submitted both their Motion for Appeal Bond (Ex. 1) and their Show Cause Motion (Ex. 8) to the district court without making any attempt to confer with Nelson's counsel as required by the District of Colorado's Local Civil Rule 7.1(A).

law." 10th Cir. R. 46.5(B)(2). Plaintiffs cited to case law that has no bearing on the propositions for which they are cited. Indeed, the very first sentence of Plaintiffs' Argument section is emblematic of this pervasive problem. Plaintiffs cited *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000), for the proposition that "[t]he District Court's order imposing an appeal bond on Nelson is not a final order to which an appeal as of right is permitted." (Doc. 1019152048 at 2.) Yet *Mead Johnson* does not decide, or even mention, any issues regarding finality of orders, appeals of right or appeal bonds. Plaintiffs simply inserted a citation to this inapposite case to support a proposition that is not warranted by law.

Plaintiffs next attempted to support their argument that a post-judgment appeal bond order is not final by citing to cases involving an entirely different class of orders: district court orders requiring pre-judgment security. *I.A.M. Nat'l Pension Fund v. Cooper Indus., Inc.*, 789 F.2d 21, 25-26 n.7 (D.C. Cir. 1986); *Trustees of Hosp. Mortgage Group v. Compania Aseguradora Interamericana S.A. Panama*, 672 F.2d 250, 251 (1st Cir. 1982); *Watson Constr. Co. v. Commercial Union Insur.*, 587 F.2d 22 (8th Cir. 1978); *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). These cases have no bearing on the proposition for which they are cited. They do not reflect this Court's jurisdiction over appeals of post-judgment cost bond orders.

There is no support for the notion that any discussion of the merits of Nelson's appeal in the Bond Order defeats this Court's jurisdiction. Plaintiffs cited no case standing for this proposition.[5] One case they did cite, *In re Uponor*, 2012 U.S. Dist. LEXIS 130140, *6 (D. Minn. Sept. 11, 2012), does discuss the merits of an appeal in setting a cost bond; however, Plaintiffs failed to note that the bond order in *Uponor* was reviewed and reversed on appeal to the Eighth Circuit. 716 F.3d 1057, 1062 (8th Cir. 2013). The Eighth Circuit clearly did not share Plaintiffs' view that post-judgment bond orders are not appealable.

Finally, Plaintiffs failed to explain the series of cases known to them in which federal courts of appeals have reviewed, and in many instances reversed, post-judgment cost bond orders exactly like the Bond Order. (*See* cases cited *supra* pp. 8-9; *see also* cases cited in Ex. 2 at 2-7.) Plaintiffs failed to articulate why, given the appellate courts' exercise of jurisdiction over those appeals of bond orders, the present case should be any different.

---

[5] *Crystal Clear Commmc'ns, Inc. v. Southwestern Bell Tel. Co.*, 415 F.3d 1171, 1178 (10th Cir. 2005) does not support this assertion. That case, like several others cited in Plaintiffs' brief, never discusses the finality of post-judgment cost bond orders. Plaintiffs also fail to note that by the time the Bond Order was entered, the district court had already determined the merits of the case—and Nelson's objections to the proposed class settlement—by entering the Final Judgment and Order of Dismissal. The concern expressed in *Crystal Clear*, that an interlocutory stay order was not final and appealable where finding otherwise would require the appellate court to decide the merits not yet finally ruled on by the district court, is simply not present here. Litigation on the merits ended prior to entry of the Bond Order.

A "reasonable inquiry" by Plaintiffs would have revealed that the arguments pressed in their Motion to Dismiss were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Plaintiffs' Motion to Dismiss should be denied, and Plaintiffs should be sanctioned pursuant to Tenth Circuit Rule 46.5(B)(2).

## CONCLUSION

For the foregoing reasons, Nelson requests that Plaintiffs' Motion to Dismiss be denied and that the Court order sanctions to compensate for Nelson's attorney fees and costs needlessly incurred in opposing the Motion.

Respectfully Submitted,

Dated: November 14, 2013

s/Theodore J. Westbrook
John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW COOPER & ANDING, P.C.**
Attorneys for Objector-Appellant
   Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, NW
Grand Rapids, Michigan 49503

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, Appellant Sikora Nelson's Response in Opposition to Class Plaintiffs'-Appellees' Motion to Dismiss was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system which will send notification of such filing to all counsel of record.


Dated:  November 14, 2013
                                              s/Theodore J. Westbrook
                                              John E. Anding (P30356)
                                              Theodore J. Westbrook (P70834)
                                              Counsel for Appellant